**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS NORBERTO MARISCAL GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1713 <br><br> Agency No. A200-244-317 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Luis Norberto Mariscal Gonzalez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal from the denial of his asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT") claims. Before the BIA, the Petitioner did not challenge the Immigration Judge's ("IJ") denial of his application for asylum as untimely, and he does not challenge it here.

The BIA adopted and affirmed the IJ's denial of withholding because Petitioner's proposed particular social group—"individuals whose culture and way of life are viewed as American"—as not cognizable. Petitioner does not challenge that determination and, instead, raises a new social group, family, for our consideration. This contention was not raised before the BIA and is not exhausted. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioners to exhaust all administrative remedies).

In denying CAT protection, the BIA explained that while there are problems with cartels in Mexico, Petitioner did not show that it was more likely than not that the government would torture him or acquiesce to his torture. Petitioner raises no meaningful challenge to this conclusion either.

Because Petitioner has not raised any substantive arguments in support of his conclusory contention that he is entitled to relief, the petition for review must be denied. *See, e.g.*, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (we do not consider "issues which are not specifically and distinctly argued and raised in a party's opening brief").

**PETITION DENIED.**